## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 9:22-cv-80881-DIMITROULEAS

LEE MITCHELL JOHNSON,

      Plaintiff,

v.

DEPUTY WALKER, *in his individual capacity*,

      Defendant.

_____/

## REPORT AND RECOMMENDATIONS

**THIS CAUSE** is before the Court upon the Bill of Costs and Memorandum in Support thereof (the "Motion to Tax Costs") (ECF Nos. 86, 87), and the Motion for Attorneys' Fees (ECF No. 89), filed by Defendant Deputy Walker.  Plaintiff Lee Mitchell Johnson, proceeding *pro se* and *in forma pauperis*, filed a "Motion to Oppose Defendants Motion for Attorneys Fees and Costs," which the Court construes as a combined Response in opposition to both Motions.  (ECF No. 91).  Defendant filed a Reply.  (ECF No. 92).  Plaintiff also filed an unauthorized Sur-reply.  (ECF No. 93); *cf.* S.D. Fla. L.R. 7.1(c)(1).  The Motions were referred to the undersigned United States Magistrate Judge by the Honorable William P. Dimitrouleas, United States District Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, for appropriate disposition or for report and recommendations.  (ECF Nos. 88, 90).  Having reviewed both Motions, the Response, the Reply, the Sur-reply, the materials submitted in support of the briefing, the record as a whole, and being otherwise fully advised, the undersigned respectfully **RECOMMENDS** that

the Motion for Bill of Costs (ECF No. 86) be **GRANTED, in part**, and **DENIED, in part**, and that the Motion for Attorney's Fees (ECF No. 89) be **GRANTED, in part**.

## I.   BACKGROUND

This is a Section 1983[1] civil rights action brought by *pro se* Plaintiff Lee Mitchell Johnson against two deputy sheriffs from the Palm Beach County Sheriff's Office, in their individual capacities, arising under the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff commenced this action in this Court on June 14, 2022 asserting a claim against Deputy Walker for use of excessive force, and a claim against Deputy Henley for failure to intervene in Deputy Walker's use of force, in violation of the Fourteenth Amendment.  (ECF No. 1).

Because Plaintiff is an inmate in state custody who was granted leave to proceed *in forma pauperis*, (ECF No. 5), his Complaint was subject to screening in accordance with the provisions of 28 U.S.C. § 1915(e).  Upon screening, the District Court determined that Plaintiff sufficiently pled that Deputy Walker had used excessive force against Plaintiff.  Thus, the District Court permitted that claim to proceed against Deputy Walker in his individual capacity.  However, Plaintiff's claim against Deputy Henley for failure to intervene in Deputy Walker's use of force was dismissed, under § 1915(e) for failure to state a claim, because Plaintiff had failed to make any allegation that Deputy Henley was able to intervene in the use of force.  (ECF No. 7).

Deputy Walker appeared and answered the Complaint on August 3, 2022.  (ECF Nos. 17, 18). The Parties engaged in discovery, which included Plaintiff's deposition.  (ECF Nos. 39, 40).  On February 21, 2023, Defendant moved for sanctions, invoking the Court's inherent authority and referencing Federal Rule of Civil Procedure 11.  (ECF No. 48).  Defendant averred that video footage of the incident in question refuted Plaintiff's claim, as well as that Plaintiff had testified under oath

---

[1]  42 U.S.C. § 1983.

2

at his deposition that Defendant had not used excessive force against him.  Accordingly, Defendant requested that the Court dismiss this action with prejudice, award Defendant attorney's fees and costs, and enjoin Plaintiff from making future frivolous filings in this Court.  (ECF No. 48).  Defendant also moved for summary judgment.  (ECF No. 59).

On May 19, 2023, following the calendar call, the District Court *sua sponte* dismissed this action with prejudice as frivolous and malicious, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  (ECF No. 80).  As relevant here, upon viewing the video footage of the incident, reviewing Plaintiff's sworn deposition testimony, and hearing argument, the District Court found that this case is frivolous and malicious.  The District Court noted that the video recordings of the incident clearly showed that Plaintiff tripped and fell and that Deputy Walker did not lift Plaintiff off the ground by his restraints, as alleged in the Complaint.  The District Court further noted that the video recordings corroborated Plaintiff's sworn deposition testimony that Defendant never harmed Plaintiff.[2]  (ECF No. 80 at 7).

Now, Defendant Deputy Walker moves to tax costs against Plaintiff under 28 U.S.C. § 1920, Federal Rule of Civil Procedure 54(d), and Southern District of Florida Local Rule 7.3(c).  Deputy Walker also moves for an award of attorney's fees under 42 U.S.C. § 1988.[3]

## II.    DISCUSSION

In his Motion to Tax Costs (ECF Nos. 86, 87), Defendant Deputy Walker seeks the entry of an award of $587.24 in taxable costs under 28 U.S.C. § 1920, Federal Rule of Civil Procedure 54(d), and Southern District of Florida Local Rule 7.3(c).  In his Motion for Attorney's Fees (ECF No. 89),

---

[2]  The District Court further found that the video footage established that there was no dispute of material fact and Defendant was entitled to summary judgment as a matter of law.  Accordingly, Defendant's Motion for Summary Judgment was granted in the alternative.  (ECF No. 80 at 10).

[3]  Deputy Walker's initial Motion for Attorneys' Fees and Costs (ECF No. 82) was denied without prejudice for non-compliance with Local Rule 7.3.  *See* (ECF No. 85).

Defendant seeks the entry of an award of attorney's fees in the amount of $26,114.50 as the prevailing party under 42 U.S.C. § 1988, because this action was dismissed with prejudice as frivolous.

Plaintiff opposes both motions based on indigency.  He asserts that he has been homeless since 2007 when not incarcerated, depends on panhandling on the side of the highway, owns no assets, and expects to again be homeless and unemployed when released from prison.  Plaintiff further asserts that an award of fees and costs to Defendant will result in a double recovery because Plaintiff claims the Palm Beach County Sheriff's Office is covering the cost of defending this action.

In his Reply, Defendant challenges Plaintiff's assertion of indigency.  Defendant cites to Plaintiff's sworn interrogatory responses as supporting that Plaintiff was not homeless from 2007 to 2010.  Defendant further notes that Plaintiff can expect to earn wages after being released from prison because Plaintiff averred in interrogatory responses that he anticipates work as a mechanic upon release.  Defendant also raises in his Reply a request that the District Court invoke its inherent authority to enjoin Plaintiff from filing any future actions unless (i) Plaintiff first submits a contempt bond, (ii) Plaintiff's complaints are screened under 28 U.S.C. § 1915, (iii) Plaintiff's complaints are accompanied by a document disclosing his litigation history, and (iv) Plaintiff's complaints are subject to dismissal for failure to comply with the foregoing.

In his unauthorized Sur-reply, Plaintiff disputes Defendant's factual contentions and asserts that Defendant's request for the entry of an injunction as a sanction is contrary to the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e *et seq.*

The Court first turns to Defendant's Motion to Tax Costs.

**A.      Motion to Tax Costs**

**1.      Legal Standard**

Federal Rule of Civil Procedure 54(d)(1) allows the prevailing party to receive litigation costs

other than attorney's fees.  There is a "strong presumption" in favor of awarding taxable costs to the prevailing party, which the challenging party has the burden to overcome.  *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007).  Pursuant to 28 U.S.C. § 1920, a district court may tax as costs: "(1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title."

"[A]bsent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in 28 U.S.C. § 1920."  *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001) (citation omitted).  "The party seeking costs bears the burden of submitting a request for expenses that enables the court to determine what expenses were incurred and whether those expenses meet the proof of necessity and reasonableness under 28 U.S.C. [§] 1920."  *Shave v. Stanford Fin. Grp., Inc.*, No. 07-60749-CIV, 2008 WL 3200705, at *4 (S.D. Fla. Aug. 6, 2008).

### 2.    Defendant Is the Prevailing Party

The Court first finds that Defendant Deputy Walker is the prevailing party in this action for purposes of an award of taxable costs under Rule 54(d)(1).

"[T]here are two requirements for a party to reach prevailing party status.  First, the party must be awarded some relief on the merits of its claim by the court.  Second, the party must be able to point to a resolution of the dispute which materially altered the legal relationship between the parties."  *Royal Palm Props., LLC v. Pink Palm Props., LLC*, 38 F.4th 1372, 1376 (11th Cir. 2022) (internal

citations omitted) (first citing *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 603 (2001); and then citing *Tex. State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792–93 (1989)).  With respect to prevailing defendants, a defendant prevails if the defendant rebuffed the plaintiff's efforts to effect a material alteration in the legal relationship between the parties.  *Beach Blitz Co. v. City of Miami Beach*, 13 F.4th 1289, 1298 (11th Cir. 2021). Further, under Eleventh Circuit law, there can only be one prevailing party in a case, and courts are not required to declare a prevailing party in every case (*i.e.*, a case can have no prevailing party).  *See Royal Palm Props.*, 38 F.4th at 1377–80.

Here, the District Court dismissed this action with prejudice as frivolous and malicious.  (ECF No. 80 at 10).  The dismissal with prejudice, as opposed to without prejudice, renders Deputy Walker the prevailing party in this action because Defendant has rebuffed Plaintiff's efforts to effect any material alteration in the legal relationship between the parties.  Plaintiff has achieved none of the relief sought in this action, and the dismissal with prejudice forecloses Plaintiff's ability to prosecute this action or refile it.  *See Kennedy v. Floridian Hotel, Inc.*, No. 18-62486-CIV, 2020 WL 13644747, at *2 (S.D. Fla. May 6, 2020) (Hunt, Mag. J.), *report and recommendation adopted*, No. 0:18-CV-62486-UU, 2020 WL 13644748 (S.D. Fla. May 21, 2020) (finding that the defendant was the prevailing party for purposes of taxing costs where the action was dismissed with prejudice on jurisdictional grounds for lack of standing, because the dismissal with prejudice foreclosed the plaintiff's claim).

Accordingly, Defendant is otherwise entitled to an award of taxable costs under 28 U.S.C. § 1920 and Rule 54(d)(1) as the prevailing party.

### 3.      Amount of the Award

In this case, Defendant seeks the entry of an award of $587.24 in taxable costs.  Defendant's

request for costs consists of $521.00 in fees for printed or electronically recorded transcripts and $66.24 in fees for exemplification and the costs of making copies. (ECF No. 86). Defendant's request is supported by invoices evidencing the costs incurred and submitted in connection with the Bill of Costs. *See* (ECF No. 86-1).

Plaintiff has not challenged the specific costs Defendant seeks to tax, apart from arguing that the request should be denied based on Plaintiff's indigent financial status. Nonetheless, the Court reviews each category of costs requested for whether Defendant may appropriately recover before assessing Defendant's request in light of Plaintiff's financial status.

### a.    Fees for Printed or Electronically Recorded Transcripts

Defendant seeks to tax the cost of obtaining a copy of the transcript of Plaintiff's deposition, in the amount of $521.00.

The cost of deposition transcripts is taxable under 28 U.S.C. § 1920(2) so long as the transcripts were "necessarily obtained for use in the case." *See EEOC v. W&O, Inc.*, 213 F.3d 600, 620–21 (11th Cir. 2000). In determining the necessity of a deposition, it must only appear to have been reasonably necessary at the time it was taken. *Id.* Additionally, "[b]ecause the parties presumably have equal knowledge of the basis for each deposition," the party who challenges the proposed costs "bears the burden of showing that specific deposition costs or a court reporter's fee was not necessary for use in the case or that the deposition was not related to an issue present in the case at the time of the deposition." *George v. Fla. Dep't of Corr.*, No. 07-80019-CIV, 2008 WL 2571348, at *5 (S.D. Fla. May 23, 2008).

Not all deposition costs, however, are recoverable. Miscellaneous costs associated with deposition transcripts, such as shipping and handling, expedited delivery of transcripts, exhibit costs, or condensed transcripts, are not taxable because generally, they are incurred for convenience of

counsel, as opposed to being necessarily obtained for use in the case.  *See Watson v. Lake Cnty.*, 492 F. App'x 991, 997 (11th Cir. 2012) ("[Section] 1920 does not authorize recovery of costs for shipment of depositions[.]"); *Garden-Aire Vill. S. Condo. Ass'n v. QBE Ins.*, No. 10-61985-CIV, 2013 WL 12086655, at *2 (S.D. Fla. June 13, 2013).

Plaintiff has not challenged whether the transcript of his deposition was necessary for use in the case, thus Defendant may recover the cost of that transcript.  However, the invoice submitted in support of Defendant's request for $521.00 in fees for printed or electronically recorded transcripts contains a $60.00 charge for shipping and handling for an electronic transcript.  (ECF No. 86-1 at 1). Because shipping and handling costs for an electronic transcript are incurred for the convenience of counsel and are not recoverable, the undersigned recommends that any award of costs be reduced by $60.00 accordingly.

   *b.*  *Fees for Exemplification and the Costs of Making Copies*

Defendant also seeks to recover $66.24 in fees for exemplification and the costs of making copies of materials necessarily obtained for use in the case.

Under § 1920(4) a prevailing party may tax "the costs of making copies of any materials where the copies are necessarily obtained for use in the case[.]"  28 U.S.C. § 1920(4).  "Photocopies are considered a taxable cost pursuant to § 1920(4) if they are necessarily obtained for use in the case." *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, No. 14-60268-CV, 2015 WL 11197752, at *7 (S.D. Fla. Dec. 29, 2015), *report and recommendation adopted*, No. 14-60268-CIV, 2016 WL 3944034 (S.D. Fla. Feb. 2, 2016) (citing *McGregor v. Bd. of Cnty. Comm'rs for Palm Beach Cnty.*, 130 F.R.D. 464, 465 (S.D. Fla. 1990)).  "[I]n evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *EEOC*, 213 F.3d at 623.  "The party moving for taxation of costs must present evidence 'regarding

the documents copied including their use or intended use.'" *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1335 (S.D. Fla. 2009) (quoting *Cullens v. Ga. Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994)).  Thus, a prevailing party must make more than unsubstantiated claims that copies of documents were necessary.  *Id.*  "[G]eneral copying costs without further description are not recoverable." *Id.*

Defendant has not adequately explained what the copying costs incurred were for and why the copies of documents were necessarily obtained for use in this case.  The itemization of costs submitted in connection with Defendant's Bill of Costs suggests that the copying costs incurred were for certified copies of documents obtained from the Clerk of the Circuit Court and Comptroller of Palm Beach County, Florida.  (ECF No. 86-2).  Defendant's Memorandum in support of his request to tax costs does not identify what those documents are.  (ECF No. 87).  Payment receipts documenting the photocopying costs identify only the amount of the payment made as part of a given request.  (ECF No. 86-1 at 2–6).

Because Defendant's request to tax photocopying costs does not explain what certified documents were obtained and why they were necessary for use in this case, the District Court should decline to award the requested $66.24 in fees for exemplification and the costs of making copies.

***

Accordingly, the undersigned recommends that the District Court find that the full award of taxable costs amounts to $461.00, consisting of $461.00 in fees for printed or electronically recorded transcripts.

### 4.    Plaintiff's Financial Status

Plaintiff argues that his indigent financial status warrants denial of Defendant's Motion to Tax Costs.

As noted above, it is presumed that costs will be awarded to the prevailing party under Rule 54(d)(1). "To defeat the presumption and deny full costs, a district court must have and state a sound basis for doing so." *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000). While district courts "should not consider the relative wealth of the parties," a "non-prevailing party's financial status is a factor that a district court may, but need not, consider in its award of costs pursuant to Rule 54(d)." *Id.* If choosing to consider the non-prevailing party's financial status, district courts "should require substantial documentation of a true inability to pay." *Id.* "[G]ood faith and limited financial resources are not enough to overcome the strong presumption in favor of awarding costs to the prevailing party." *Pickett v. Iowa Beef Processors*, 149 F. App'x 831, 832 (11th Cir. 2005).

Nonetheless, courts may not fully relieve a non-prevailing party of paying costs. The Eleventh Circuit has cautioned that "[e]ven in those rare circumstances where the non-prevailing party's financial circumstances are considered in determining the amount of costs to be awarded, a court may not decline to award any costs at all." *Chapman*, 229 F.3d at 1039 (citing *Durrett v. Jenkins Brickyard, Inc.*, 678 F.2d 911, 917 (11th Cir. 1982)).

Moreover, "a court may assess costs against a litigant who is proceeding in forma pauperis[.]" *Ang v. Coastal Int'l Sec., Inc.*, 417 F. App'x 836, 838 (11th Cir. 2011) (first citing 28 U.S.C. § 1915(f); and then citing *Harris v. Forsyth*, 742 F.2d 1277, 1277–78 (11th Cir. 1984)). Indeed, Section 1915(f) expressly contemplates that "[j]udgment may be rendered for costs at the conclusion of the suit or action as in other proceedings" where the plaintiff is proceeding *in forma pauperis*. 28 U.S.C. § 1915(f)(1). As relevant here, a prisoner proceeding *in forma pauperis* "shall be required to pay the full amount of the costs ordered" and "shall be required to make payments for costs under this subsection in the same manner as is provided for filing fees[.]" 28 U.S.C. § 1915(f)(2)(A), (B).

In this case, Plaintiff was granted leave to proceed *in forma pauperis* without prepaying the

filing fee in full.  (ECF No. 5).  The affidavit submitted in connection with Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs in June 2022 reflects that Plaintiff has no income or assets, apart from a $5,000.00 civil settlement that Plaintiff received.  (ECF No. 3).  The Application asserts that the civil settlement was spent in the county jail canteen with the remainder sent to Plaintiff's ex-wife to support Plaintiff's child, though Defendant challenges the veracity of that averment, among others, made by Plaintiff.  Moreover, Plaintiff has been incarcerated throughout this action and is expected to continue to be incarcerated.  Plaintiff has reaffirmed these facts and sworn to his indigent status in his Response and his unauthorized Sur-reply.  *See* (ECF No. 91 at 4); (ECF No. 93 at 5).

However, the District Court should exercise its discretion and decline to consider Plaintiff's indigent financial status with respect to Defendant's Motion to Tax Costs.  The District Court expressly found that this action is frivolous and malicious.  The District Court noted in its order *sua sponte* dismissing this action with prejudice that video footage of the incident "demonstrate[s] that [Plaintiff's] allegations of excessive use of force are false."  (ECF No. 80 at 7).  Plaintiff's allegation in his Complaint that Defendant grabbed Plaintiff by the chain connecting his handcuffs to his leg shackles and lifted Plaintiff three feet off the ground was refuted by the videorecording.  Plaintiff further "testified under oath at the deposition that Defendant Walker did not harm [Plaintiff] at all." (ECF No. 80 at 5).  Accordingly, the District Court characterized this case as "at best frivolous and at worst malicious."  (ECF No. 80 at 5).  The District Court further discredited Plaintiff's representations in Plaintiff's response to Defendant's motion for sanctions claiming that defense counsel coerced or tricked Plaintiff into recanting his allegations.  (ECF No. 80 at 6) ("Nothing in the record supports Plaintiff's claim that he was coerced by counsel to present false testimony.").

Given Plaintiff's willingness to advance false allegations in pleadings in bringing this suit and

to make false representations in other filings before this Court, the Court declines to give much weight to Plaintiff's sworn statements regarding his indigency status.  Moreover, Plaintiff's assertion that he has no funds in his inmate account, though plausible, has not been substantiated by filing inmate account statements in opposition to the Motion to Tax Costs.  In any event, the amount of the recommended award of costs at issue here, $461.00, is not insurmountable.

Accordingly, the undersigned recommends that the District Court decline to excuse Plaintiff from paying $461.00 in taxable costs.  *See Smith v. Sec'y, Fla. Dep't of Corr.*, 696 F. App'x 944, 949, 953–54 (11th Cir. 2017) (affirming entry of award of taxable costs under Section 1920 against *pro se* prisoner in the amount of $5,371.13 despite the prisoner's indigent financial status).

***

Based on the foregoing, the undersigned recommends that the Motion to Tax Costs be granted, in part, and denied, in part, and that Defendant be awarded $461.00 in taxable costs, to be paid in accordance with 28 U.S.C. § 1915(b)(2).  *See Bruce v. Samuels*, 577 U.S. 82, 86 (2016) (citing 28 U.S.C. § 1915(f)(2)(B)) ("The monthly installment scheme described in § 1915(b)(2) also applies to costs awarded against prisoners when they are judgment losers.").

### B.      Motion for Attorney's Fees

The Court turns to Defendant's Motion for Attorney's Fees.  (ECF No. 89).  Defendant seeks the entry of an award of $26,114.50 in attorney's fees for time expended by counsel and counsel's paralegals from August 1, 2022, shortly before Defendant appeared in this action on August 3, 2022, (ECF No. 17), through May 31, 2023, under 42 U.S.C. § 1988(b), Federal Rule of Civil Procedure 54(d)(2), and Southern District of Local Rule 7.3(a).  As with Defendant's Motion to Tax Costs, Plaintiff opposes the entry of an award of attorney's fees based on his indigent financial status.

The Court first determines that Defendant Deputy Walker is entitled to an award of attorney's

fees under § 1988(b).  Accordingly, the Court has conducted a thorough review of Defendant's billing records in calculating the lodestar and has considered Plaintiff's ability to pay in determining that a downward adjustment to the lodestar amount is warranted.

### 1.       Entitlement

It is well-established under the "American Rule" that "each party in a lawsuit ordinarily shall bear its own attorney's fees unless there is express statutory authorization to the contrary."  *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983).  One such statute is Section 1988, which provides that "[i]n any action or proceeding to enforce a provision of section[] . . . 1983 . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs[.]" 42 U.S.C. § 1988(b).  "Because Congress intended for prevailing defendants to recover fees only when forced to defend suits 'having no legal or factual basis,' a defendant may recover attorney's fees 'only if the District Court finds that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.'"  *Beach Blitz*, 13 F.4th at 1296–97 (internal citations omitted) (first quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 420 (1978); and then quoting *Hughes v. Rowe*, 449 U.S. 5, 14 (1980)); *see also Head v. Medford*, 62 F.3d 351, 355 (11th Cir. 1995) ("This standard applies equally to awards of attorneys' fees sought under 42 U.S.C. § 1988 by prevailing civil rights defendants.").

Notwithstanding, the Supreme Court has cautioned that the limitations of *Christiansburg* "apply with special force in actions initiated by uncounseled prisoners."  *Hughes*, 449 U.S. at 15. "Faithful adherence to the principles of *Haines v. Kerner*[4] dictates that attorney's fees should rarely be awarded against such plaintiffs."  *Id.*

As set forth above, Defendant Deputy Walker is the prevailing party in this action and thus he

---

[4]  404 U.S. 519 (1972).

is entitled to an award of attorney's fees under 42 U.S.C. § 1988(b) if this action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith. *Christiansburg*, 434 U.S. at 421. In that respect, Defendant's entitlement under 42 U.S.C. § 1988(b) is not in dispute. In dismissing this action *sua sponte* under 28 U.S.C. § 1915(e), the District Court expressly found that this action was frivolous and malicious. Accordingly, Defendant as the prevailing party in a frivolous and malicious Section 1983 action is entitled to an award of attorney's fees under Section 1988(b).

### 2.      Award of Attorney's Fees

Having determined that Defendant is the prevailing party entitled to attorney's fees for purposes of Section 1988, the Court next turns to the reasonableness of the attorney's fees requested.

In assessing the reasonableness of a request for attorney's fees, courts in the Eleventh Circuit apply the "lodestar" method to calculate an objective estimate of the value of an attorney's services. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Under the lodestar method, the value of an attorney's services is calculated by multiplying the hours that the attorney reasonably worked by a reasonable rate of pay. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (citing *Hensley*, 461 U.S. at 433).

"In determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable,' the court is to consider the 12 factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). Those factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount

involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* at 1350 n.2 (citing *Johnson*, 488 F.2d at 717–19).

The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303). Courts are not authorized "to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Id.* at 428. When a request for attorney's fees is unreasonably high, courts may conduct an hour-by-hour analysis or may reduce the requested hours with an across-the-board cut. *Bivins*, 548 F.3d at 1350; *see also Procaps S.A. v. Patheon Inc.*, No. 12-CV-24356, 2013 WL 6238647, at *17 (S.D. Fla. Dec. 3, 2013) (reducing a party's fee request with an across-the-board cut based upon billing inefficiencies). Although courts may apply either method, they cannot apply both. *Bivins*, 548 F.3d at 1351. Finally, courts need not become "green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011). Instead, the essential goal for the court is to "do rough justice, not to achieve auditing perfection." *Id.*

### a.   *Reasonable Hourly Rate*

In computing the lodestar, the first step is to determine the reasonable hourly rate, defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." *Loranger*, 10 F.3d at 781 (quoting *Norman*, 836 F.2d at 1299). This Court is deemed an expert on the issue of hourly rates and may properly consider "its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Loranger*, 10 F.3d at 781 (quoting *Norman*, 836 F.2d at 1301).

In this case, Defendant Deputy Walker seeks the entry of an award of attorney's fees for time billed by the following timekeepers: (i) attorney Summer M. Barranco, a partner at the law firm Purdy, Jolly, Giuffreda, Barranco & Jisa, P.A., at an hourly of $210.00 which later increased to $290.00 on March 1, 2023; (ii) attorney Adriana M. Jisa, a partner at the same firm, at an hourly rate of $290.00; (iii) attorney Charles M. Possino, an associate at the same firm, at an hourly rate of $125.00; and (iv) Jennifer Morgan, Patty Paoletti, Isabella Infantino, and Kori Luciano, paralegals at counsels' firm, at an hourly rate of $60.00, which later increased to $85.00 on March 1, 2023.[5]

Though Defendant has, again, not fully complied with Southern District of Florida Local Rule 7.3(a),[6] the requested hourly rates are plainly reasonable in view of the factors from *Johnson v. Georgia Highway Express, Inc.*  The Court has considered the novelty and difficulty of the questions at issue, the skill requisite to perform the legal service properly, the amount involved and the results obtained, and awards in similar cases.  This Court has also drawn on its expertise on the issue of hourly rates.  *Loranger*, 10 F.3d at 781.

Here, the requested rates of $210.00 per hour and later $290.00 per hour for time incurred by law firm partners are less than the rate that has previously been approved in this District for an associate with approximately 2 years of experience in a case less complex than the case at issue here that proceeded to default judgment.  *See, e.g.*, *Harrington v. Mari*, No. 0:22-CV-61156-KMW, 2023 WL 4707163, at *5 (S.D. Fla. June 29, 2023) (Valle, Mag. J.), *report and recommendation adopted*, No. 0:22-CV-61156-KMW, 2023 WL 4703937 (S.D. Fla. July 24, 2023) (at default judgment stage, recommending an award of attorney's fees at an hourly rate of $300.00 for an associate attorney with

---

[5]  Defendant also requests reimbursement for attorney travel time to the Fort Lauderdale courthouse at a rate of $85.00 per hour in connection with the calendar call on May 19, 2023, which the Court addresses below.
[6]  The Motion for Attorney's Fees does not "disclose the terms of any applicable fee arrangement," S.D. Fla. L.R. 7.3(a)(4), or provide the experience and qualification for each timekeeper for whom fees are sought, S.D. Fla. L.R. 7.3(a)(5)(A). Defendant's initial motion for attorney's fees was also denied, without prejudice, for failure to comply with the Local Rules.  *See* (ECF No. 85).

approximately 2 years of experience).  Further, the requested rate of $125.00 per hour for time incurred by an associate attorney in this case is commensurate with the $125.00 hourly rate typically approved for paralegals in this District.  *See, e.g.*, *Ferrer v. TK Promotions, Inc.*, No. 1:21-cv-20929-JB, 2023 WL 4295319, at *5 (S.D. Fla. June 29, 2023) (Becerra, Mag. J.).  And the $60.00 per hour and later $85.00 per hour rates requested for counsel's paralegals in this case are likewise below the rate typically approved for paralegals in this District.

Accordingly, the Court finds that the requested rates are reasonable and recommends that any award of attorney's fees in favor of Defendant be entered in accordance with the rates requested.

### b.    *Reasonable Number of Hours Expended*

The second step of the lodestar analysis requires the Court to determine the reasonable number of hours expended on the litigation.  The award must exclude compensation for hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation, or experience of counsel*."  *Barnes*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301) (emphasis in original).  The fee applicant bears the burden of establishing that the time for which compensation is sought was reasonably expended on the litigation and must provide the Court with specific and detailed evidence that will allow for an accurate determination of the amount of fees to award.  *Id.* at 428.  Counsel must have reliable evidence to support hours that are claimed.  *See Jean v. Nelson*, 863 F.2d 759, 772 (11th Cir. 1988).  If the fee applicant fails to exercise the required billing judgment, the Court is obligated to "[prune] out those [hours] that are excessive, redundant, or otherwise unnecessary."  *Id.*

In this case, Defendant seeks an award of fees for 180.5 hours billed by counsel and counsel's paralegals on this matter.  The breakdown is as follows based on review of the billing records attached to the Motion: attorney Barranco billed 31.1 hours on this matter; attorney Jisa billed 2.1 hours;

attorney Possino billed 127.0 hours; paralegal Morgan billed 1.0 hour; paralegal Paoletti billed 7.6 hours; paralegal Infantino billed 10.5 hours; and paralegal Luciano billed 0.4 hours. There are also 0.2 hours associated with timekeeper "RAG" and 0.6 hours billed without identifying any timekeeper. *See generally* (ECF No. 89-1).

In light of the Supreme Court's admonition in *Hughes v. Rowe*, 449 U.S. 5 (1980), that attorney's fees should rarely be awarded against *pro se* prisoners proceeding *in forma pauperis*, this Court has conducted a thorough review of counsels' billing records to determine whether the time billed was reasonably incurred or is otherwise compensable under a fee-shifting statute. Having reviewed the billing records submitted in support of Defendant's Motion, the Court first finds that a reduction from 180.5 to 179.7 hours is necessary to account for timekeeping discrepancies evident in the billing records.[7]

Second, a further reduction to 165.5 hours is warranted to account for time not reasonably incurred and thus not chargeable to an adversary.

The Court has deducted, for example, time for work performed where the time entries do not provide sufficient detail to determine the reasonableness of the time expended because the entries are too vague to ascertain what work was done. *E.g.*, (ECF No. 89-1 at 20) (entry states in full: "Defendant's Motion for Summary Judgment and Statement of Material Fact").

The Court has also deducted time billed by attorneys on administrative and clerical, non-legal

---

[7]   The Court notes the following discrepancies and computational errors in the billing records, which the Court has corrected for and/or accounted for in computing the lodestar. Defendant seeks recovery of fees for 0.60 hours of time billed on April 21, 2023 without identifying any timekeeper. (ECF No. 89-1 at 23). The Court has deducted this entry from the lodestar calculation. The Court has also deducted Defendant's request for fees incurred for 0.2 hours billed by timekeeper "RAG" on May 18, 2023, because the Motion and billing records do not identify this timekeeper. (ECF No. 89-1 at 27). The Court further notes that, on August 3, 2022, the attorney billed $168.00 in fees for 0.80 hours at a rate of $125.00, when the correct figure should be $100.00 in fees. (ECF No. 89-1 at 3). On August 25, 2022, the attorney billed $50.00 in fees for 0.2 hours of time at $125.00 per hour, when the correct figure should be $25.00 in fees. (ECF No. 89-1 at 4). On May 30, 2023, the paralegal billed $37.50 in fees for 0.2 hours at a rate of $85.00, when the correct figure should be $17.00 in fees. (ECF No. 89-1 at 29).

tasks that could have been performed by a legal assistant and are not compensable, such as communicating with the court reporter to obtain a recording of Plaintiff's deposition, (ECF No. 89-1 at 15). *See Peress v. Wand*, 597 F. Supp. 2d 1320, 1325 (S.D. Fla. 2008) ("[H]owever, there is also work that the Court would consider non-legal, or work to be performed by a legal secretary. These instances include e-filing, on-line research regarding Defendants addresses and corporate structure, opening separate emails of documents that Plaintiff's counsel filed, preparing the civil cover sheet and summonses."); *Gonzalez v. Yoblendz Int'l, LLC*, No. 15-61678-CIV, 2016 WL 9225573, at *1 (S.D. Fla. June 20, 2016) ("It is well-established that clerical work such as coordinating schedules and housekeeping matters are not to be included in an attorney's fee award, even if an attorney conducted those tasks.").

In addition, the Court has made deductions for attorney time billed that amounted to general review of the docket, particularly when duplicative of work performed on the same day. (ECF No. 89-1 at 27). The Court has also assessed reductions for time that attorneys spent drafting an affidavit that would be signed not by the attorneys but by someone else, here the court reporter. (ECF No. 89-1 at 16–17). And the Court has deducted time billed revising a Motion for Clarification that the Court cannot locate on the docket, in addition to time reviewing a Court order on a date earlier than when that order was entered on the docket. (ECF No. 89-1 at 5). Last, the Court has deducted time attorneys spent traveling to the Fort Lauderdale courthouse in connection with the calendar call because such time is not compensable on a motion for attorney's fees. (ECF No. 89-1 at 28).

Third, the Court has assessed Defendant's request to recover fees billed by counsel's paralegal. "A court may award fees for the work of paralegals, but 'only to the extent that [they] perform work traditionally done by an attorney.'" *Hansen v. Deercreek Plaza, LLC*, 420 F. Supp. 2d 1346, 1353 (S.D. Fla. 2006) (alteration in original) (quoting *Scelta v. Delicatessen Support Servs.,*

*Inc.*, 203 F. Supp. 2d 1328, 1334 (M.D. Fla. 2002)); *see also Pronman v. Styles*, No. 12-80674-CIV, 2016 WL 3661940, at *4 (S.D. Fla. Mar. 15, 2016), *report and recommendation approved*, No. 12-80674-CIV, 2016 WL 3636867 (S.D. Fla. Apr. 6, 2016), *aff'd*, 676 F. App'x 846 (11th Cir. 2017). Clerical or administrative tasks that require no legal skill or training, such as scheduling, filing, and e-filing, should not be billed at an attorney or paralegal rate, as they are simple administrative tasks that can easily be completed by a full-time legal assistant. *Cohan v. Baby Marathon, LLC*, No. 20-60185-CIV, 2020 WL 6731041, at *5 (S.D. Fla. Oct. 27, 2020), *report and recommendation adopted*, No. 20-60185-CIV, 2020 WL 6729393 (S.D. Fla. Nov. 16, 2020)).

In this case, Defendant requests fees for work performed by counsels' four paralegals who billed 19.5 hours on this matter.  The time counsels' paralegals billed on this matter includes: 1.6 hours reviewing PACER for Court filings and then downloading those and other filings to the case file, (ECF No. 89-1 at 2–3, 12); 0.4 hours calendaring deadlines, (ECF No. 89-1 at 4); 0.4 hours seeking permission to begin working on the case, (ECF No. 89-1 at 5); 2.1 hours finalizing and filing documents and exhibits and/or mailing documents to Plaintiff, (ECF No. 89-1 at 7, 17, 20, 22, 25); 0.4 hours coordinating the scheduling and logistics of conferences, (ECF No. 89-1 at 17); and 1.7 hours preparing a trial notebook, (ECF No. 89-1 at 27).  These tasks are clerical and therefore not recoverable. *See Brito v. Sarrio Holdings IV, Inc.*, No. 1:21-CV-22112-KMM, 2022 WL 1110052, at *5 (S.D. Fla. Feb. 25, 2022), *report and recommendation adopted sub nom. Brito v. Sarria Holdings IV, Inc.*, No. 1:21-CV-22112-KMM, 2022 WL 782544 (S.D. Fla. Mar. 14, 2022) ("In this case, Plaintiff requests fees, on behalf of his paralegal, for e-filing, calendaring deadlines, and emailing the summons to the process server—all unrecoverable tasks."); *Branch Banking*, 2013 WL 12095538, at *2; *Peress*, 597 F. Supp. 2d at 1325.

The Court otherwise finds that the hours billed by the attorneys and paralegals in this case,

except as set forth above, were reasonably incurred.  Accordingly, based on review of the billing records submitted in support of the Motion for Attorney's Fees, the Court finds that counsel and their paralegals reasonably expended 165.5 hours in connection with litigating this matter, consisting of 153.1 hours billed by counsel and 12.4 hours billed by counsels' paralegals.

        *c.*     *Lodestar Calculation*

Taking the reasonable number of hours billed by each timekeeper and multiplying by the reasonable hourly rate for each timekeeper from both before and after March 1, 2023, the Court determines that the lodestar amount totals **$24,283.00** in fees reasonably incurred in this case.  There is a "strong" presumption that this lodestar figure is reasonable. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010).  The breakdown follows below.

| Timekeeper | Hours Billed | Hours Awarded | Hours Awarded Before 3/1/2023 | Rate Before 3/1/2023 | Hours Awarded After 3/1/2023 | Rate After 3/1/2023 | Fees Awarded |
|---|---|---|---|---|---|---|---|
| Barranco | 31.1 | 29.2 | 11.6 | $210.00 | 17.6 | $290.00 | $7,540.00 |
| Jisa | 2.1 | 2.1 | | | 2.1 | $290.00 | $609.00 |
| Possino | 127 | 121.8 | 60.2 | $125.00 | 61.6 | $125.00 | $15,225.00 |
| Infantino | 10.5 | 5.7 | 0.8 | $60.00 | 4.9 | $85.00 | $464.50 |
| Luciano | 0.4 | 0.4 | 0.4 | $60.00 | | $85.00 | $24.00 |
| Morgan | 1.0 | 0.3 | 0.3 | $60.00 | | $85.00 | $18.00 |
| Paoletti | 7.6 | 6.0 | 4.3 | $60.00 | 1.7 | $85.00 | $402.50 |
| **Total** | **179.7** | **165.5** | | | | | **$24,283.00** |

        *d.*     *Adjustment to the Lodestar Calculation*

Having calculated the lodestar, the Court now considers whether any adjustment to the lodestar calculation is warranted.  Unlike the amount for the recommended award of costs above which the Court noted is not insurmountable, the lodestar calculation of $24,283.00 in attorney's fees is more significant in light of Plaintiff's status as a *pro se* prisoner proceeding *in forma pauperis*.[8]

---

[8] Though, the lodestar calculation is plainly reasonable for this District, based on the Court's own expertise in attorney's fees.

Indeed, Plaintiff argues in his Response to both the Motion to Tax Costs and the Motion for Attorney's Fees that he is fully indigent, has no funds in his inmate account, and otherwise has nothing of value.  Seeming to recognize Plaintiff's indigent status, Defendant in his Reply asserts that the Court may impose non-monetary injunctive sanctions against Plaintiff in the alternative to monetary sanctions.[9]

The Eleventh Circuit has determined that ability to pay should be considered as a limiting factor in certain contexts, such as when fees are being awarded to a prevailing defendant.  *See Durrett v. Jenkins Brickyard, Inc.*, 678 F.2d 911, 917 (11th Cir. 1982).  Indeed, "[t]he law in this circuit is clear that ability to pay should be considered in the award of attorney's fees under § 1988."  *Baker v. Alderman*, 158 F.3d 516, 528 (11th Cir. 1998).  Though attorney's fees "should rarely be awarded" against *pro se* prisoners, *Hughes*, 449 U.S. at 15, the Eleventh Circuit has also stated within the context of attorney's fees under Title VII that a district court should not refuse altogether to award attorney's fees to a prevailing defendant, because "no fee will provide no deterrence."  *Durrett*, 678 F.2d at 917.  Plaintiff bears the burden of establishing his inability to pay.  *See Scelta*, 203 F. Supp. 2d at 1336.

Here, Plaintiff has not provided this Court with sufficient information to assess his present inability to pay a more than $24,000.00 recommended award of attorney's fees in favor of Defendant. Plaintiff's assertion that he presently has no funds in his inmate account and no other assets of value, however likely, has not been substantiated through the filing of any inmate account statements in opposition to the instant Motion for Attorney's Fees.[10]  Moreover, in recommending an award of costs

---

[9]  As noted above, these arguments, though raised in an earlier filed motion for sanctions, are raised for the first time in the Reply for briefing on the Motion for Attorney's Fees.  In any event, Section 1988 is a fee-shifting statute and not a source of authority to impose sanctions.

[10]  The undersigned recognizes that in June 2022 Plaintiff averred in his Application to proceed *in forma pauperis* that his institution would not provide him with 6 months of account statements and would only provide him with a monthly statement for the past 30 days.  (ECF No. 3 at 3).

as set forth above, this Court has declined to give much weight to Plaintiff's affidavits regarding his present financial condition given his willingness to submit false papers to this Court.

The Court nonetheless recognizes that Plaintiff is a *pro se* prisoner proceeding *in forma pauperis* who has at all stages of this litigation been incarcerated and who has made no representations regarding any changes in his financial status since the inception of this litigation when he was granted leave to proceed *in forma pauperis*.  To that end, Plaintiff's Application to proceed *in forma pauperis* averred that Plaintiff had in 2021 received a civil settlement in the amount of $5,000.00.  (ECF No. 3 at 3).  That Application was granted.  (ECF No. 5).  Moreover, Plaintiff's sworn responses to Defendant's First Set of Interrogatories indicate that from 2007 onward, Plaintiff had engaged in periods of gainful employment earning at least $12.00 per hour, interspersed with periods of incarceration.  (ECF No. 92-1 at 2).  Plaintiff averred in written discovery responses that he stood to suffer lost earning capacity as a result of the incident alleged in this suit, specifically injuries to his shoulder that would prevent him from working as a mechanic for $15.00 to $20.00 per hour.  (ECF No. 92-1 at 9).

Based on the foregoing, the undersigned finds that Plaintiff has not demonstrated a complete inability to pay in light of his prior assets and his future earning capacity.  However, considering Plaintiff's demonstrated partial indigency and the undersigned's contemporaneous recommendation for an award of costs, some downward adjustment to the lodestar is warranted.

Though the lodestar is reasonable as calculated, the Court recommends a one-third reduction to the lodestar.  The Court finds that such a reduction sufficiently balances Plaintiff's financial status against the express finding that this suit was not only frivolous but also malicious.  *See McDowell v. Moore*, 635 F. Supp. 280, 283 (W.D.N.C. 1986) (quoting *Palmer v. Coons*, 581 F. Supp. 1160 (D. Vt. 1984)) ("As another Court stated in awarding counsel fees to police defendants against a 1983

claimant in a frivolous case, 'It appears . . . that the defendants seek an award of attorney fees more symbolic than compensatory . . .' In common with that Court, I will make such a symbolic award."); *see also id.* at 284 (entering under § 1988 an award of attorney's fees against a *pro se* prisoner proceeding *in forma pauperis*, subject to a 50% reduction in the lodestar calculation to balance the policy considerations of deterrence and access to the courts for indigent plaintiffs expressed in *Christiansburg*).

Accordingly, the Court recommends that the District Court enter judgment for attorney's fees in favor of Defendant and against Plaintiff in the amount of $16,188.67, representing a one-third reduction from the lodestar amount.

## III. RECOMMENDATIONS

Based on the foregoing, the undersigned respectfully **RECOMMENDS** that:

(1)     Defendant's Motion to Tax Costs (ECF No. 86) be **GRANTED, in part**, and **DENIED, in part**, and that Defendant Deputy Walker be awarded **$461.00** in taxable costs under 28 U.S.C. § 1920, Federal Rule of Civil Procedure 54(d)(1), and Southern District of Florida Local Rule 7.3(c), to be recovered according to the provisions of 28 U.S.C. § 1915(f)(2); and,

(2)     Defendant's Motion for Attorneys' Fees (ECF No. 89) be **GRANTED, in part**, and that Defendant Deputy Walker be awarded **$16,188.67** in attorney's fees under 42 U.S.C. § 1988, Federal Rule of Civil Procedure 54(d)(2), and Southern District of Florida Local Rule 7.3(a).

A party shall serve and file written objections, if any, to this Report and Recommendations with the Honorable William P. Dimitrouleas, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and

Recommendations.  Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions."  11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, on this 11th day of October, 2023.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

cc:    Honorable William P. Dimitrouleas
       Counsel of Record

       Lee Mitchell Johnson
       W40563
       Florida State Prison-West Unit
       Inmate Mail/Parcels
       PO Box 800
       Raiford, FL 32083
       PRO SE