UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-80881-CV-DIMITROULEAS

LEE MITCHELL JOHNSON,

 Plaintiff,

v.

DEPUTY WALKER,

 Defendant.

_____/

**ORDER OVERRULINLG OBJECTIONS AND
AFFIRMING REPORT OF MAGISTRATE JUDGE**

 THIS CAUSE is before the Court on Magistrate Judge Lauren F. Louis's Report [DE 94] ("Report"), which recommends that Defendant's Motion to Tax Costs be granted in part and denied in part, and further recommends that Defendant's Motion for Attorneys' Fees be granted in part. Plaintiff has filed objections [DE 95]. For the reasons set for the below, the Plaintiff's objections are overruled, and the Court adopts the Report.

 To "challenge the findings and recommendations of the magistrate, a party must . . . [file] written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989). "Upon receipt of objections meeting the specificity requirement set out above . . . [the district court] . . . make[s] a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate." *Id.* "The district judge reviews legal conclusions *de novo*, even in the absence of an

objection." *Lacy v. Apfel*, No. 2:97-CV-153-FTM-29D, 2000 WL 33277680, at *1 (M.D. Fla. Oct. 19, 2000) (citing *Cooper–Houston v. Southern Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994)).

In the Report, Magistrate Judge Louis found that, despite Plaintiff's claim of indigency, the Defendant was entitled to an award of attorney's fees and costs. Plaintiff has not objected to the legal reasoning applied by Magistrate Judge Louis to find that he should be ordered to pay the costs and attorneys' fees. Plaintiff's only objection is his claim that he will not be able to pay the costs and fees. The Defendant has not filed objections.

The mere fact that Plaintiff claims to be indigent is not a sufficient objection to the Report. In the Report, Magistrate Judge Louis expressly acknowledged Plaintiff's claim of indigency and rejected that claim as a basis for denying Defendant's motion. Magistrate Judge Louis did consider Plaintiff's claim of indigency in awarding attorneys' fee and to that end reduced the award by one third. Plaintiff has not presented any legal argument to support his objection.

The law is clear that although a court may consider the financial status of a non-prevailing party in the award of costs, "it may not decline to award any costs at all." *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir.2000). As the prevailing party, Defendant was entitled to an award of attorney fees because he demonstrated that Plaintiff's claim was "frivolous, unreasonable, or without foundation." *Hughes v. Rowe*, 449 U.S. 5, 14 (1980). As found the Court, the Complaint was frivolous and lacking foundation. (DE 80). In awarding attorney fees, the court may consider the indigency of the party, however such indigency will limit but not eliminate an award of attorney fees. *Durrett v. Jenkins Brickyard, Inc.*, 678 F.2d 911, 917 (11th Cir.1982). Here, Magistrate Louis considered Plaintiff's claim of indigence and reduced the attorney fees award by one-third. Plaintiff's objection to the award of costs and attorney fees is overruled because Magistrate Judge Louis's findings are supported in law and fact.

Having reviewed, *de novo*, the Report of Magistrate Judge and the record, and given that Plaintiff's objections have been overruled, it is

**ORDERED** that:

1) The Report of the Magistrate Judge [DE 94] is **AFFIRMED AND ADOPTED** and incorporated by reference into this Court's Order.

2) Defendant's Motion for Costs [DE 86] is **GRANTED** in part; and **DENIED** in part as set forth in the Magistrate's Report.

3) Defendant's Motion for Attorney Fees [DE 89] is **GRANTED**, in part, as set forth in the Magistrate's Report.

4) Defendant Deputy Walker is hereby awarded $461.00 in taxable costs and $16,188.67 in attorney's fees.

5) The Clerk shall mail a copy of this Order to Plaintiff at his address of record.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 1st day of November 2023.

WILLIAM P. DIMITROULEAS
United States District Judge

cc:

Lee Mitchell Johnson
W40563
Florida State Prison-West Unit
Inmate Mail/Parcels
PO Box 800
Raiford, FL 32083
PRO SE

Charles Mitchell Possino
Purdy, Jolly, Giuffreda, Barranco, Jisa, P.A.
501 SE 2nd St
Apt. 910
Fort Lauderdale, FL 33301

3

Email: charlie@purdylaw.com